**In re Kathleen Joyce HANSON, Debtor.**

**Peter L. WILLIAMS, Plaintiff,**

**v.**

**Kathleen Joyce HANSON, George Vogel, Trustee, Defendants.**

**Bankruptcy No. 7–89–00035.**
**Adv. No. 7–89–0066.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Oct. 18, 1989.

Mark J. Small, Roanoke, Va., for Peter L. Williams.

Daniel L. Crandall, Roanoke, Va., for Kathleen Joyce Hanson.

George I. Vogel, Trustee, Roanoke, Va.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before this Court for decision involves a claim by a creditor, Peter L. Williams (herein Williams) against Kathleen Joyce Hanson (herein Debtor) for rent owed prepetition. The complaint, in its prayer for relief requests that this Court determine whether or not Williams is a secured creditor of the Debtor and "for such other relief as may be necessary to effectuate the orders of this court." The body of the complaint and the stipulation of facts which the parties have filed shows, however, that the real issue in this complaint proceeding is whether the Debtor filed her homestead deed in the proper place thereby exempting from the claims of Williams certain personal property set forth in the homestead deed. There is also an allegation in the complaint that section 34–5(5) of the Code of Virginia prohibits the debtor from claiming an exemption in personal property against a creditor whose claim arises from rent. The parties have submitted the case to this Court for decision based upon the pleadings and the stipulation of facts together with memoranda of law. The following constitutes this Court's findings of fact and rulings of law.

### Facts

The stipulation filed by the parties on June 23, 1989, shows that Williams obtained two judgments against the Debtor for unpaid rent. One judgment was obtained on April 25, 1988, and the other judgment was obtained on October 24, 1988. Neither the stipulation of facts nor the pleadings show whether Williams obtained an execution order or other process from the Roanoke General District Court in connection with his judgments for rent. The stipulation shows that the Debtor filed her homestead deed in Franklin County on December 7, 1988 and that she lived in Roanoke County for the greater part of the 180 days immediately preceding the filing of her petition for relief. The record does not reflect whether the debtor lived in Franklin County when she filed her homestead deed; however, for purposes of this decision, this Court will assume that she lived in Franklin County. The file in this case shows that the Debtor filed her petition for relief in bankruptcy on January 6, 1989.

### Law

Williams takes the position that the homestead deed filed by the Debtor in Franklin County has no effect since she did not reside in Franklin County for the greater part of 180 days preceding the filing of her petition for relief. The statutory basis upon which Williams relies is 11 U.S.C. section 522(b)(2)(A) which states as follows:

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place;

Williams argues that since the Debtor lived in Roanoke County for the greater part of 180 days prior to the filing of her petition for relief, the filing of the homestead deed in Franklin County is a nullity. Williams has misread the provisions of 11 U.S.C. section 522(b)(2)(A). The domicile which the Code section refers to is the state domicile of the debtor, not the particular locality in the state of the debtor. In short, the only requirement of the debtor is that she be domiciled in the Commonwealth of Virginia for the greater part of 180 days immediately preceding the filing of her petition for relief. Upon satisfying that requirement, the Debtor is entitled to take advantage of the provisions set forth in the Code of Virginia for homestead.

■ Virginia law controls the place and the timing of the filing of a homestead exemption with respect to personal property in Code of Virginia section 34–14. That Code section requires that the homestead deed shall be admitted to record in the county or corporation wherein the debtor resides. Code of Virginia, section 34–17 states that "the homestead exemption" may be set apart by any person who files a voluntary petition in bankruptcy "on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. section 341 but not thereafter, ..." Thus, the Code of Virginia tells the Debtor where and when the exemption may be claimed. In the case at bar, the Debtor lived, presumably, in Franklin County when she filed her homestead deed. There is nothing in the record to indicate that she was late in filing her homestead deed pursuant to section 34–17 of the Code of Virginia. Thus, this Court holds that the Debtor filed her homestead deed in the proper place and at the proper time.

■ Williams asks this Court to determine whether he is a secured creditor under 11 U.S.C. section 506 of the Bankruptcy Code. Section 506(a) of the Bankruptcy Code states:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this Title,

is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

There is nothing in the record of this case to show that Williams has a lien on any property of the Debtor. All that this Court knows is that Williams obtained two judgments against the Debtor prepetition. There is no evidence that Williams took any steps to perfect his lien by *fieri facias*, writ of execution, or other legal process. Therefore, based upon the record, this Court cannot find that Williams is a secured creditor.

■ However, what Williams really wants decided is whether the Debtor's claimed exemptions under her homestead deed are excluded from his claim which is based upon rent under section 34–5(5) of the Code of Virginia. Section 34–5 of the Code states:

Such exemption shall not extend to any execution order or other process issued on any demand in the following cases. (5) For rent.

Williams fails in his proof in this regard. There is no evidence that he has obtained an execution order or has had any other process issued on his claim for rent. Accordingly, this Court cannot find that the exemption does not apply to the debt claimed by Williams.

An appropriate order will issue implementing this memorandum opinion.

## ORDER

At Roanoke in said District this 18th day of October, 1989:

Pursuant to the memorandum opinion attached hereto and made a part hereof, it is

## ORDERED:

That, based upon the evidence presented to this Court, the claim of Peter L. Williams is determined to be unsecured, and it is

FURTHER ORDERED:

That the homestead exemption claimed by the Debtor in this proceeding applies to the claims of Peter L. Williams for rent since there is no proof that Peter L. Williams obtained an execution order or had other process issued on his judgments for rent against the Debtor.